**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW COX,<br><br>Defendant. | Criminal No.: 11-99 (JLL)<br><br><br><br><br><br>**ORDER** |

This matter comes before the Court by way of Defendant's motion for review of Magistrate Judge Shwartz' revocation of his conditions of release[Docket Entry No. 34] and it appearing that:

1. On April 15, 2011, Magistrate Judge Patty Shwartz entered an Order revoking Defendant's conditions of release (hereinafter referred to as the "April 15 Order").

2. On May 17, 2011, Defendant, through counsel, submitted a letter to the undersigned requesting a bail review hearing in connection with the April 15 Order.

3. On June 8, 2011, this Court heard argument and testimony in connection with Defendant's request for review of the April 15 Order. On the same day, this Court denied Defendant's motion, finding the April 15 Order by Magistrate Judge Shwartz to be appropriate, and ordered the Defendant detained.

4. Defendant now asks the Court to reinstate his bail inasmuch as he maintains that any violation of his conditions of release was not knowing and/or intentional.

5. Because Defendant presents legal and factual arguments in support of a dispute that was already raised before and decided by this Court (on June 8, 2011), the Court construes Defendant's motion as a motion for reconsideration of this Court's June 8, 2011 decision

denying his request for review of Magistrate Judge Shwartz' April 15 Order.

6. Motions for reconsideration filed in this district are governed by Local Civil Rule 7.1(i). Under this rule, a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within "14 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i). Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, a court may grant a motion for reconsideration only if the moving party demonstrates that the court, in reaching its prior decision, overlooked a controlling decision of law or a dispositive factual matter which, if considered by the court, might reasonably have resulted in a different conclusion. See, e.g., Polizzi Meats, Inc. v. Aetna Life & Cas. Co, 931 F. Supp. 328, 339 (D.N.J. 1996).

7. As a preliminary matter, Defendant's application for reconsideration was filed over fourteen (14) days after entry of this Court's June 8, 2011 decision and is therefore untimely.

8. Even beyond this procedural deficiency, Defendant presents no controlling decision of law or dispositive factual matter which was presented to but overlooked by the Court in entering its June 8, 2011 decision. See L. Civ. R. 7.1(i). Nor has Defendant cited to any intervening change in law or offered any "newly available" evidence to otherwise justify reconsideration of this Court's June 8, 2011 decision. See, e.g., North River Ins. Co. v. CIGNA Reinsurance

Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Instead, Defendant presents a variety of arguments which were either already raised before this Court (and/or Magistrate Judge Shwartz) or could have been raised, but were not. Without more, Defendant has failed to demonstrate that reconsideration of this Court's June 8, 2011 decision is warranted.

Accordingly, **IT IS** on this **1st day of August, 2011**,

**ORDERED** that Defendant's motion for review of Magistrate Judge Shwartz' Revocation of his Conditions of Release [Docket Entry No. 34] is **DENIED**.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge