**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW COX,<br><br>Defendant. | Criminal Action No.: 11-99 (JLL)<br><br>**ORDER** |

This matter comes before this Court by way of the Government's Motion in Limine seeking to introduce evidence at trial of Defendant Andrew Cox [Docket No. 48]. For reasons set forth in this Court's corresponding opinion,

**IT IS** on this **13th day of October, 2011**,

**ORDERED** that the Government's Motion is GRANTED in part and DENIED in part, the granting of the motion in part is without prejudice to Defendant making any motions it deems appropriate regarding admissibility of specific documents at trial.

**IT IS SO ORDERED.**

/s/ Jose L. Linares
United States District Judge

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.: 11-99 (JLL) |
| Plaintiffs, | |
| v. | **OPINION** |
| ANDREW COX, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of the United States Government's Motion in Limine [Docket No. 48]. Oral argument was heard on September 26, 2011. The Court has reviewed the submissions in support of and in opposition to the present Motion. For the reasons set forth below, the Government's motion is **GRANTED** in part and **DENIED** in part. The granting of the motion in part is without prejudice to Defendant making any motions it deems appropriate regarding admissibility of specific documents at trial.

## I. BACKGROUND

On June 15, 2011, a Grand Jury issued a Superseding Indictment, charging Defendant Andrew Cox with six (6) counts of illegal distribution of child pornography on May 10, 2010; May 14, 2010; June 9, 2010; June 16, 2010; June 25, 2010; and June 29, 2010, all in violation of 18 U.S.C. 2252A(a)(2)(A) and Section 2 ("Charged Distributions"). The alleged distributions were sent to a cooperating witness ("CW")'s New Jersey address on at least the six dates cited above, and said distributions are alleged to be of discs containing child pornography, including:

(1) "BD Company"; (2) "Japanese Lolita"; (3) "LS-Magazine"; (4) "Mylola Teens"; and (5) "Underage Nude Modeling" (hereinafter "the Five Series"). The Government alleges that Defendant accepted payments from the CW through PayPal on May 10, 2010 and May 14, 2010, and that subsequent to payment, Defendant e-mailed the CW with a 20-digit United States Postal Service delivery confirmation tracking number. According to the Government, the mailing packages were later found in the CW's home in New Jersey with each disc covered in a white sleeve with a handwritten notation of the disc title on the outside of the sleeve. The CW assisted law enforcement with a controlled purchase of child pornography from the Defendant in late September 2010, and upon receipt of ordered discs, Postal Inspectors concluded that Defendant had distributed child pornography to them through the mail. The Defendant was arrested and charged with distribution of child pornography on December 2, 2010.

Pursuant to search warrants issued on the date of the arrest and through subsequent discovery, postal inspectors seized evidence of Defendant's charged offenses from his residence and Yahoo! e-mail account. In its Brief, the Government stated that it intends to introduce the majority of this seized evidence as direct evidence of the charged offenses, but now seeks this Court's permission to introduce two further categories of evidence: (1) the Defendant's prior possession of child pornography and documents relating to prior possession; and (2) the Defendant's prior e-mail communications with the CW and other customers.

## II. LEGAL STANDARD

"Other acts" evidence can be admissible in a criminal trial in two contexts: (1) the evidence is "intrinsic" to the charged offense; and (2) the evidence is not intrinsic and thus not

2

admissible to prove the character of a person in order to show action in conformity with that character, but is admissible under Federal Rule of Evidence 404(b).

Under <u>United States v. Green</u>, evidence which is "intrinsic" to the charged offense is not governed by Rule 404(b).  617 F.3d 233 (3d Cir. 2010).  However, the "intrinsic" label is reserved for "two narrow categories of evidence":

> First, evidence is intrinsic if it "directly proves" the charged offense. . . . This gives effect to Rule 404(b)'s applicability only to evidence of "*other* crimes, wrongs, or acts." Fed. R. Evid. 404(b)(emphasis added).  If uncharged misconduct directly proves the charged offense, it is not evidence of some "other" crime. . . . Second, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." [citations omitted]

<u>Id</u>. at 248-49.

Evidence of other crimes, wrongs or acts which is not intrinsic is only admissible under Rule 404(b):

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).  Other-acts evidence must satisfy four elements to be admissible: "(1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." <u>Green</u>, 617 F.3d at 249.  First, a "proper evidentiary purpose" is one that is "probative of a material issue other than character." <u>Huddleston v. United States</u>, 485 U.S. 681, 686 (1988). The evidence "must clearly articulate how [it] fits into a chain of logical inferences, no link of

3

which may be the inference that the defendant has the propensity to commit the crime charged." United States v. Williams, 458 F.3d 312, 319 (3d Cir. 2006)(internal quotation marks omitted). Second, evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The third element, satisfaction of Rule 403, requires the Court to weigh whether the "probative value" of the evidence "is substantially outweighed by the danger of unfair prejudice," excluding relevant evidence that does not so outweigh prejudice to Defendant. See Fed. R. Evid. 403.

## III. DISCUSSION

In its *in limine* motion, the Government argues that evidence purporting to show Defendant's prior possession of child pornography as well as Defendant's prior e-mail communications to the CW and other customers is admissible as "intrinsic" evidence and under Rule 404(b) as evidence showing Defendant's intent, identity, absence of mistake, motive, and knowledge. Defendant Cox argues in opposition that the evidence the Government seeks to introduce is not "intrinsic" under the Rule 404(b) exception, and does not meet the requisite elements under Rule 404(b) for admissibility. The Court will first consider that evidence which is admissible as "intrinsic" evidence, reviewing second that which is admissible under Rule 404(b), finally assessing which evidence it finds inadmissible at this stage.

## 1. Evidence Admissible as "Intrinsic" to the Charged Offenses

The Government seeks to introduce as "intrinsic" evidence 1) e-mail communications that the Defendant exchanged with the CW specifically regarding the charged distributions of

child pornography between May and June 2010; and 2) the same video files that Defendant mailed to the CW found on Defendant's computer drives and discs last modified prior to the dates of the Charged Distributions.

The specific e-mail communications with the CW meet the two requisite elements established in Green. First, they purport to show directly what was distributed to the CW on which dates, where the distributions were mailed to, and by what means. Thus, they are admissible as evidence to "directly prove" the charged offense and are not evidence of "other crimes, wrongs or acts." Green, at 248-49. Second, the communications were made contemporaneously with the charged crimes and directly "facilitated the commission of the crime" by arranging the time, manner and place of the distributions. Id. The video files found on Defendant's computer drives and discs modified prior to the dates of the Charged Distributions are also "intrinsic" under Green as they go to show that Defendant possessed the specific child pornography video files contemporaneously with his distribution of the same files to the CW. These files meet the requisite "direct proof" and facilitation components under Green necessary to be "intrinsic" to the charged offenses rather than constituting evidence of other crimes or acts committed by Defendant. Accordingly, the Government's motion to admit e-mail communications with the CW and the video files found on Defendant's computers and discs as "intrinsic" evidence to the charged offenses is granted.

## 2. Evidence Admissible under Rule 404(b)

The Government seeks to introduce evidence of the Defendant's possession of other uncharged child pornography and his e-mail communications with other child pornography customers under Rule 404(b). See Fed. R. Evid. 404(b). The Government argues that said

evidence has a proper evidentiary purpose of showing Defendant's intent, identity, absence of mistake in distributing the child pornography, motive for said distribution, and knowledge of the substance of the files sent to the CW.  (Gov't Mot. in Limine, at 7).  Further, the Government argues that the evidence is relevant in showing that Defendant acted knowingly in distributing images of child pornography as charged in all six counts of the Superseding Indictment. (Id., at 7-8).  Finally, the Government claims that the probative value of the evidence is not substantially outweighed by the potential unfair prejudice to Defendant under Federal Rule of Evidence 403. (Id., at 8-9).

Defendant, however, argues that all of the referenced communications are ambiguous and, without further evidence, incomplete for the purposes of proving prior alleged distributions of child pornography.  (Def. Opp'n Br., at 2). First, Defendant contests the evidentiary purpose of said evidence since it does not directly prove either Defendant's knowledge or distribution of child pornographic materials.  Specifically, Defendant argues that prior possession of unrelated pornography, a binder of child pornography, organization of said pornography into a separate binder, descriptions of materials on videos distributed to other customers, and the broader transactions facilitated through e-mail exchanges with other customers merely duplicates the e-mails the Government intends to introduce between Defendant and the CW, is cumulative, and does not demonstrate that Defendant specifically knew that illegal child pornography was contained on the video files. (Id., at 3).  Second, Defendant argues that the evidence is not relevant since it does not make the charged action more or less probable. Since it is not direct evidence, lacks corroborative evidence and is ambiguous, Defendant claims that the evidence will not make the charged offenses more probable. (Id., at 4).  Third, Defendant argues that the

evidence of other alleged customers and distributions of child pornography are highly prejudicial in showing alleged distributions with a series of customers that have little probative value to the charged distributions in this matter. (Id.).

### a) Proper Evidentiary Purpose

The Government seeks to introduce summary evidence of the fact that it found other child pornography separate and apart from what was mailed to the Defendant in the Defendant's possession going back as far as 2007, as well as child pornography-related documents such as notebooks and journals kept by Defendant, prior iterations of the Under 18 List marketed to customers, and a binder exclusively possessing child pornography. It also seeks to introduce e-mails from Defendant's Yahoo! account to other customers predating the offenses in the Superseding Indictment. The evidence primarily purports to show Defendant's knowledge of the substance of the videos that he marketed to the CW and ultimately allegedly distributed in the Charged Distributions, as well as an absence of mistake in the CW's having received said distributions containing child pornography. Specifically, the e-mails contain descriptions of videos contained on the Under 18 List sent from Defendant's Yahoo! account detailing the age of individuals in said videos and the activities depicted. The binder, containing numerous titles and organized in a separate binder and list which exclusively contained child pornography videos, is probative for demonstrating Defendant's knowledge of possession of unlawful material and absence of mistake in distributing unlawful material. In addition, the number of e-mails sent to approximately 25 recipients shows Defendant's intent to distribute videos on his Under 18 List to customers, and that he did not mistakenly or accidentally market illegal pornography to the CW since he had established a pattern or practice of distribution and sale through an efficient

7

business. The pattern and practice allegedly shown concerns the Defendant's involvement in accessing new titles for his Under 18 List, updating his catalogue, processing orders, mailing purchases from a United States Post Office, creating DVDs and handwriting titles of the disks on the DVD sleeves, and marketing with descriptions the materials he allegedly distributed. Finally, the Government argues that said evidence first shows Defendant's identity in that the prior iterations of the Under 18 List bore a header indicating to recipients of said list that they should e-mail the Defendant's Yahoo! account "with questions or to place an order." (Gov't Mot. in Limine, at 7).

This Court finds that, except for the e-mail communications listed below, the evidence sought to be introduced by the Government serves a proper evidentiary purpose. First, it is "probative of a material issue other than character," Huddleston, 485 U.S. at 686, in that knowledge is an element of the crime charged, and evidence purporting to show Defendant's knowledge of the content of the video files he was allegedly distributing is material. Whether or not the knowledge they purport to demonstrate is specific enough to meet the requirements of the statutory knowledge element must be determined by a jury, but this Court finds that the substance of the e-mails and organization of the video files are not unambiguous as to Defendant's precise level of knowledge regarding child pornographic content in videos allegedly distributed to other customers, and, subsequently, to the CW. The evidence is thus also admissible to demonstrate absence of mistake in Defendant's alleged distribution to the CW of unlawful pornographic materials. Defendant's alleged possession and organization of the video materials, linked with a series of e-mails describing their content and ending with payment certifications and delivery tracking numbers facilitate a set of logical inferences regarding not the Defendant's propensity to

8

commit the crime charged as an element of his character, but rather regarding his knowledge of alleged distributions, his intent to commit the crime charged, and the pattern and practice of his business which are alleged to have enabled the Charged Distributions.

### b) Relevance under Rule 401

The Government argues that the evidence it seeks to admit is relevant under Rule 401 because it has a tendency to make the existence of the material fact of Defendant's knowing distribution of images of child pornography more probable as charged in the six counts of its Superseding Indictment. Defendant claims that, on the contrary, "no fact at issue will be made more probable by knowing that the Defendant Andrew Cox may have committed a crime elsewhere over the preceding years." (Def. Opp'n Br., at 4). However, the relevance of the other-acts evidence submitted for this Court's review rests not in its demonstration of other alleged crimes but in its support of the proposition that Defendant knowingly distributed unlawful child pornography. Specifically, the evidence is relevant in revealing the parameters of Defendant's knowledge regarding the content of the Charged Distributions as well as the nature of Defendant's intent to so distribute.

### c) Probative Value over Unfair Prejudice under Rule 403

To satisfy Rule 403, this Court must weigh whether the "probative value" of the evidence "is substantially outweighed by the danger of unfair prejudice." See Fed. R. Evid. 403. The Government argues that the relevance of the evidence as to Defendant's knowing distribution and the limited nature of e-mails it intends to submit satisfies Rule 403 as not being clearly outweighed by the risk of unfair prejudice. (Govt' Mot. in Limine, at 8-9). Defendant contends that the evidence of other alleged customers and distributions of child pornography is highly

9

prejudicial and has little probative value to the charged distributions, instead serving only to prejudice the jury against Defendant regardless of the strength of the Governments direct evidence as to those charges. (Def. Opp'n Br., at 4). Further, Defendant claims that the summary evidence the Government intends to introduce will require the introduction of multiple additional witnesses and pieces of physical evidence that would be highly prejudicial to the Defendant. Aside from the e-mail communications listed below, the Court finds that the evidence the Government seeks to admit should not be excluded under Rule 403.

As stated above, the probative value of the evidence the Government seeks to introduce is significant as it purports to demonstrate the pattern and practice of Defendant's distribution of pornographic materials through their organization, marketing, sale and delivery. The e-mail communications regarding the nature of the video files Defendant allegedly distributed are highly probative of how much Defendant knew about what the video files contained, and, in turn, his intent to distribute notwithstanding that knowledge. The Court notes Defendant's concern regarding the prejudicial nature of the substance of the materials due in part to the explicit nature of some of the e-mail communications. However, the sensitive nature of the charges will necessarily raise evidentiary concerns regarding prejudicial effects on the jury, and the probative value of the evidence sought to be introduced before the Court here substantially outweighs the potential for unfair prejudice to Defendant. Further, the Government has made efforts to significantly reduce the e-mails presented from those collected pursuant to the Yahoo! Search Warrant, and it intends only to introduce summary evidence rather than explicit images or detailed descriptions of the content of the video files allegedly distributed by Defendant.

## 3.  Inadmissible Evidence

While the majority of the e-mail communications submitted for the Court's in limine review are admissible under Rule 404(b), a limited set of e-mails must be excluded because their probative value is not significantly outweighed by unfair prejudice to the Defendant. While the Court finds all submitted e-mails to be probative as to the crimes charged, Government Exhibits 756A, 756C, 756D, and 756E do not satisfy the third prong of the Green analysis under Rule 403.  Specifically, said communications are relevant only to duplicate support for the nature of Defendant's alleged distribution business, knowledge and intent, and do not specifically concern the charge of distributing child pornography as such.  Due to their highly prejudicial content, the Court finds these Exhibits inadmissible under Rule 404(b).

## IV.  CONCLUSION

For the foregoing reasons, the Government's Motion in Limine is GRANTED in part and DENIED in part. The granting of the motion in part is without prejudice to Defendant making any motions it deems appropriate regarding admissibility of specific documents at trial.  An appropriate order accompanies this opinion.

DATED: October 13, 2011

Jose L. Linares
United States District Judge

11